**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LINDA C. ROBERTSON, Widow of
Dareld Robertson,
<u>Petitioner,</u>

v.

RO-FER ASSOCIATES, INCORPORATED;
WEST VIRGINIA COAL WORKERS'
PNEUMOCONIOSIS FUND,                                    No. 96-1249
<u>Respondents,</u>

and

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
<u>Party in Interest.</u>

On Petition for Review of an Order
of the Benefits Review Board.
(95-1711-BLA)

Submitted: November 7, 1996

Decided: November 21, 1996

Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. K. Keian Weld, Assistant Attorney General,
Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Linda Robertson, the widow of Dareld Robertson, a former coal
miner, petitions for review of an order of the Benefits Review Board
(Board) affirming an administrative law judge's (ALJ) denial of her
application for black lung survivor's benefits. Benefits were denied
based on the ALJ's determination that the evidence failed to establish
pneumoconiosis or that pneumoconiosis contributed to the miner's
death. See 20 C.F.R. § 718.205 (1996); Shuff v. Cedar Coal Co., 967
F.2d 977, 979 (4th Cir. 1992). On appeal, Robertson contends that the
ALJ erred by crediting Dr. Fino's finding of no pneumoconiosis
because his finding is unexplained and contrary to the autopsy evi-
dence. We disagree.

The autopsy report noted chronic obstructive pulmonary disease
and anthracotic pigment. Because, however, Dr. Kshirsagar, who pre-
pared the report, did not attribute the pulmonary disease to coal dust
exposure, the finding of such disease did not equate to a finding of
pneumoconiosis. See 20 C.F.R. § 718.201 (1996). Moreover, the reg-
ulations expressly state that a finding of anthracotic pigmentation is
insufficient to establish the existence of pneumoconiosis. See 20
C.F.R. § 718.202(a)(2) (1996). Dr. Fino's report is therefore consis-
tent with the autopsy evidence.

We also find that Dr. Fino clearly explained that his finding of no
pneumoconiosis was based on the absence of evidence of pneumoco-

2

niosis on autopsy, the fact that the only X-ray of record was interpreted negatively by a "B" reader, and the miner's pulmonary function tests, which failed to reveal a respiratory impairment having a pattern consistent with pneumoconiosis. We note, however, that even if we agreed with Robertson that the ALJ erred by crediting Dr. Fino's report she could not prevail because she does not challenge the ALJ's reasons for rejecting the only medical reports tending to affirmatively support her burden. Thus, as the ALJ found, the result would be the same with or without Dr. Fino's report.

Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3